THE STATE OF MONTANA EX REL. C. B. BLACKWOOD AND BOYD BOYLAN, PLAINTIFFS AND APPELLANTS, *v.* MARY LUTES, COUNTY SUPERINTENDENT OF SCHOOLS OF GALLATIN COUNTY, MONTANA, AND SCHOOL DISTRICT No. 7, GALLATIN COUNTY, MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10581

Submitted June 21, 1963. Decided July 9, 1963.

383 P.2d 480.

Lyman H. Bennett, Bozeman (argued orally), for appellants.

Page Wellcome, Bozeman (argued orally), Robert Word, Jr., Helena (argued orally), for respondents.

PER CURIAM.

This is an appeal from an order of the district court, which

order was made on March 26, 1963, reciting that a temporary restraining order would be granted upon posting of a bond in the sum of $100,000 by April 5, 1963; and that in the event the bond was not posted, the defendants' motion for summary judgment would be deemed granted. We have previously considered this matter in an opinion rendered on May 8, 1963, 142 Mont. 29, 381 P.2d 479, denying a stay pending appeal. Most of the circumstances giving rise to this appeal are recited in that opinion and will not be repeated here. We do have now the testimony had before the district court on the application for a writ of mandamus and for writ of review which resulted in the order appealed from.

The specifications of error are four in number. They are:

"1. The Court erred in refusing to grant to the appellants a hearing upon the merits on March 21, 1963.

"2. The Court erred in conditioning the further hearing as against the respondent Mary Lutes upon the depositing of an injunction bond to protect the respondent, School District No. 7, Gallatin County, Montana.

"3. The Court erred in dismissing this action without a hearing.

"4. The Court erred in dismissing this proceeding by reason of failure to deposit an injunction bond."

It is obvious that all of the specifications of error go to the propriety of the district court in requiring as a condition to relief the posting of a bond in the amount of $100,000. We considered this same matter in our previous opinion, except that, as we noted we did not have the record of testimony and assumed the district court's recital correct.

We have reviewed the testimony and find that there was sufficient substantial testimony upon which the District Judge might, as he did, exercise his discretion in requiring a bond to be posted. We held there that in view of the size of the bond issue and the other factors recited in the order and opinion of the district court, that the bond requirement was

not unreasonable. Thus, the district court was in the exercise of sound judicial discretion. The matter presented by the specifications of error then are deemed moot and the appeal is dismissed.